# In the United States Court of Appeals for the Sixth Circuit

---

HARRY C. CALCUTT III,
PETITIONER,

*v.*

FEDERAL DEPOSIT INSURANCE CORPORATION,
RESPONDENT.

---

*ON APPEAL FROM A FINAL DECISION AND ORDER BY THE
FEDERAL DEPOSIT INSURANCE CORPORATION*

---

**UNOPPOSED MOTION OF SEPARATION OF POWERS CLINIC
FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT
OF PETITIONER'S PETITION FOR REHEARING EN BANC OR
PANEL REHEARING**

---

JENNIFER L. MASCOTT
R. TRENT MCCOTTER
Separation of Powers Clinic
Gray Center for the Study of the
  Administrative State
Antonin Scalia Law School
George Mason University
3301 Fairfax Dr.
Arlington, VA 22201
(202) 706-5488
rmccotte@gmu.edu
Counsel for *Amicus Curiae*

# Disclosure of Corporate Affiliations and Financial Interest

Sixth Circuit
Case Number: 20-4303                    Case Name: Calcutt v. FDIC

Name of counsel:  R. Trent McCotter

Pursuant to 6th Cir. R. 26.1,  Separation of Powers Clinic, Antonin Scalia Law School
<em>Name of Party</em>

makes the following disclosure:

1.    Is said party a subsidiary or affiliate of a publicly owned corporation?  If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

> No.

2.    Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?  If yes, list the identity of such corporation and the nature of the financial interest:

> No.

CERTIFICATE OF SERVICE

I certify that on _____ Aug. 1, 2022 _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/R.Trent McCotter

This statement is filed twice:  when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents.  See 6th Cir. R. 26.1 on page 2 of this form.

The Separation of Powers Clinic at the Gray Center for the Study of the Administrative State, located within the Antonin Scalia Law School at George Mason University, respectfully moves for leave to file the attached brief as *amicus curiae* in support of Petitioner's petition for rehearing. Pursuant to Fed. R. App. 29, counsel for *amicus* state that Petitioner has consented to this filing, and Respondent does not oppose this filing. Further, no party's counsel authored any part of the brief, and no person other than *amicus* made a monetary contribution to fund its preparation or submission.

The Separation of Powers Clinic was established during the 2021-22 academic year for the purpose of studying, researching, and raising awareness of the proper application of the U.S. Constitution's separation of powers constraints on the exercise of federal government power. The Clinic provides students an opportunity to discuss, research, and write about separation of powers issues in ongoing litigation.

The Clinic has submitted numerous briefs at the Supreme Court in cases implicating separation of powers. These include, as most relevant here, *Axon Enterprise, Inc. v. FTC*, No. 21-86, which will be argued this Fall and involves questions about the proper remedies for parties subject

to action by agency officials shielded by removal protections found to present unconstitutional constraints on the President's vested Article II authority over the Executive Branch.

Petitioner's case is important to *amicus* because, like *Axon*, it addresses the proper remedies for removal-protection violations and involves questions about the proper allocation of power between the judiciary and executive agencies. In particular, *amicus* contends that the panel decision's finding that litigants must demonstrate "concrete" evidence of prejudice to receive a judicial remedy for harm from an illegal removal protection provision is inconsistent with the Supreme Court's decision in *Collins v. Yellen*, 141 S. Ct. 1761 (2021). *Amicus* also argues that the panel's refusal to remand this case to the Federal Deposit Insurance Corporation for reconsideration under the proper legal standards violated *SEC v. Chenery Corp.*, 318 U.S. 80 (1943).

*Amicus* respectfully requests that the Court grant leave to file its attached brief.

Respectfully submitted,

/s/ R. Trent McCotter
JENNIFER L. MASCOTT
R. TRENT MCCOTTER

2

Separation of Powers Clinic
Gray Center for the Study of
the Administrative State
Antonin Scalia Law School
George Mason University
3301 Fairfax Dr.
Arlington, VA 22201
(202) 706-5488
rmccotte@gmu.edu
Counsel for *Amicus Curiae*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2022, an electronic copy of the foregoing motion of amici curiae was filed with the Clerk of Court for the United States Court of Appeals for the Sixth Circuit using the appellate CM/EFC filing system and that service will be accomplished using the appellate CM/ECF system.

/s/ R. Trent McCotter

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the typeface requirements of Rule 32(a)(5) and the typestyle requirements of Rule 32(a)(6) because this brief was prepared in 14-point Century Schoolbook, a proportionally spaced typeface, using Microsoft Word. Fed. R. App. P. 27(d)(1), 29(a)(3), 32(g)(1). This motion complies with the type-volume limitation of Rule 27(d)(2)(A) because it contains 349 words, excluding the parts exempted under Rule 32(f).

/s/ R. Trent McCotter